**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas L. Propst and Sherry L. Propst, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>David Michael Simon and Jane Doe Simon, husband and wife; and New London Associates, LLC,<br><br>　　　　　Defendants. | No. CV-08-2111-PHX-DGC<br><br>**ORDER** |

On October 10, 2008, Plaintiffs Thomas and Sherry Propst filed a verified complaint against David Simon and New London Associates, LLC in Arizona state court. Dkt. #1-2 at 19-33. Plaintiffs assert multiple counts against Defendants relating, inter alia, to an allegedly fraudulent sale of securities by Defendants to Plaintiffs. *Id.* Defendants removed the action to this Court. Dkt. #1. Plaintiffs have filed a motion to remand. Dkt. #7. For reasons stated below, the Court will deny the motion.[1]

**I.    Removal and Remand Standards.**

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the

---

[1] Plaintiffs' request for oral argument is denied because the parties have fully briefed the issues (*see* Dkt. ##7, 9, 13), and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78; *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). There
2  is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there
3  is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*,
4  980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction
5  means that the defendant always has the burden of establishing that removal is proper." *Id.*
6  This burden is satisfied, however, where "the plaintiff claims a sum greater than the
7  jurisdictional requirement." *Id.*

**II.     Motion to Remand.**

Defendants assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which confers jurisdiction to adjudicate cases where the parties are diverse and the amount in controversy exceeds $75,000. Dkt. #1, ¶¶ 2-7. Plaintiffs' verified complaint demands $50,000 in compensatory damages and punitive damages "of at least four times their actual damages[.]" Dkt. #1 at 9-33, ¶ 92. Defendants argue that the amount in controversy is therefore $250,000. Dkt. #9.

In their reply, Plaintiffs offer to withdraw their punitive damages claim and argue that this would bring the amount in controversy below this Court's jurisdictional minimum. Dkt. #13 at 1-2. For jurisdiction purposes, however, the amount in controversy is determined as of the time of removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Id.* at 293; *see In re GMC Pickup Truck Fuel Tank Prod. Liab. Litig.*, No. 93-1811, 1993 WL 147245, *2 (E.D. Pa. May 5, 1993) (withdrawal of punitive damages claim after notice of removal was filed did not defeat diversity jurisdiction).

Plaintiffs further argue that punitive damages are inherently speculative and that there is no guarantee a jury will award them. Dkt. #7 at 2-3. The Court notes that Plaintiffs request $50,000 in damages 10 separate times. Dkt. #1-2 at 19-33, ¶¶ 30, 36, 42, 48, 53, 58, 66, 74, 82, 88. Paragraph 92 of the verified complaint specifically requests "a punitive

1  damages award of at least four times their actual damages[.]" *Id.* ¶ 92.  While any damages
2  award ultimately will be in an amount "deemed appropriate by the trier of fact" (*id.*), the
3  issue for purposes of remand is the amount Plaintiffs have put in controversy.

4  It is true that a general prayer for punitive damages, by itself, may not be sufficient
5  to meet the defendant's burden of proof.  *See Matheson v. Progressive Specialty Ins. Co.*, 319
6  F.3d 1089 (9th Cir. 2003) (finding that complaint seeking "'in excess' of $10,000 for
7  punitive damages" did not clearly satisfy jurisdictional minimum).  In this case, however,
8  Plaintiffs' verified complaint specifies the amount in controversy as "at least" $250,000.
9  Because Plaintiffs' verified complaint "states damages in an amount sufficient to obtain
10 federal diversity of citizenship jurisdiction," *Sanchez*, 102 F.3d at 402, the Court will deny
11 the motion to remand.

12 **IT IS ORDERED** that Plaintiffs' motion to remand (Dkt. #7) is **denied**.
13 DATED this 9th day of February, 2009.

_____
David G. Campbell
United States District Judge