**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas L. Propst, et al., | No. CV-08-2111-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| David Michael Simon, et al., | |
| Defendants. | |

On February 28, 2010, Defendants filed a motion for summary judgment on all counts in Plaintiffs' complaint. Dkt. #46. The parties filed a stipulation to extend the due date for Plaintiffs to respond. Dkt. #53. The stipulation was granted by the Court and Plaintiffs were given until May 10, 2010 to file a response. Dkt. #55. Plaintiffs did not file a response to the motion for summary judgment by the May 10, 2010 deadline. The Court accordingly entered an order requiring Plaintiffs to respond by June 11, 2010. Dkt. #58. Plaintiffs failed to comply with the Court's order.

Before dismissing a case for failure to prosecute or failure to comply with the rules or an order, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The first three factors favor dismissal. The fourth factor, as always, weighs against dismissal. The fifth factor also favors dismissal. The Court has twice extended the

time for Plaintiffs to respond to Defendants' motion. The Court's most recent order required Plaintiffs to respond, and they failed to do so. When Plaintiffs repeatedly refuse to respond to direct orders from the Court, no sanction short of dismissal appears likely to move the case forward.

**IT IS ORDERED:**

1. This action is **dismissed** for Plaintiffs' failure to prosecute and to respond to Court orders.
2. The Clerk shall enter judgment accordingly.

DATED this 22nd day of June, 2010.

_____
David G. Campbell
United States District Judge